## Greene, Auditor v. Jones, et al.

(Decided June 13, 1916.)

### Appeal from Franklin Circuit Court.

Sheriffs and Constables—Conveying Prisoners—Mileage—Statutes. —Under sections 361 and 363, and subsection 13, section 2095b, of the Kentucky Statutes, sheriffs are entitled to mileage both ways for conveying prisoners to the penitentiary and house of reform and for conveying persons charged with a felony from one county to another.

M. M. LOGAN, Attorney General, and CHAS.. H. MORRIS, Assistant Attorney General, for appellant.

HAZELRIGG & HAZELRIGG for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal presents for decision the question whether or not sheriffs are entitled to mileage both ways or only one way for conveying prisoners to the penitentiary and the house of reform, and for conveying persons charged with a felony from one county to another.

The controversy arises in the following way: Plaintiffs, J. B. Jones and Thomas Logan, sheriffs respectively of Pulaski and Hopkins counties, brought suit against the Auditor of Public Accounts to require him to audit their claims for mileage both ways. The Auditor defended on the ground that they were entitled to mileage only one way. The trial court rejected the contention of the Auditor and entered judgment in favor of plaintiffs. The Auditor appeals.

The solution of the question presented depends on the proper construction of sections 361 and 363, and subsection 13, section 2095b of the Kentucky Statutes. Sections 361 and 363 are as follows:

"Section 361. Prisoners—Allowance for Conveying to Penitentiary—Guards Allowed.—For conveying prisoners to penitentiary, ten cents per mile for officer and each guard, to be calculated by the nearest traveled route, and the actual necessary expenses for feeding, lodging and transporting the prisoner; but the number of guards employed in conveying prisoners shall not exceed one for every two prisoners. When but one prisoner is conveyed no guard shall be employed."

"Section 363. Prisoners—Allowance for conveying from One County to Another—Guards Allowed.—For conveying a prisoner, under arrest charged with a felony, from one county to another, ten cents per mile, to be calculated by the nearest traveled route, for the officer and each guard employed, and the actual necessary expenses for feeding, lodging and transporting the prisoner, to be allowed by the circuit court and certified to the Auditor; but the number of guards employed in conveying prisoners shall not exceed one for every two prisoners. Where but one prisoner is conveyed, no guard shall be employed: Provided, the circuit judge may have the right to appoint one guard for each prisoner to the nearest railroad station."

The language of subsection 13, section 2095b, with reference to conveying prisoners to the house of reform, is identical with the language of sections 361 and 363.

Counsel for the Auditor places great stress on the use of the word "conveying" in the above statutes. In our opinion the word "conveying" is simply descriptive of the work that the officer is required to do, and cannot be regarded as controlling. In the case of Harding v. Montgomery, 55 Iowa 41, there was involved the construction of the following act:

"For conveying each convict to the penitentiary and as full compensation therefor, sixteen cents for each mile traveled, to be computed from the county seat where the conviction took place by the most direct route of travel."

Counsel for the state argued that the miles actually traveled in conveying the prisoner to the penitentiary furnished the only basis for compensation. In rejecting this contention the court said:

"We think a fair construction of this language is that payment should be made for each mile traveled *on the journey,* going and returning. It is said that the allowance is for *conveying* the *convict to the* penitentiary, and that means only the actual travel from the county seat to the penitentiary. But it seems to us it is a fairer and more rational construction of the language to hold that it means payment for travel made necessary to accomplish the purpose, which is to convey the person to the penitentiary. It is not to be supposed that a sheriff who is required to keep his office at the :

county seat would not necessarily return to that place. While the question is not free from difficulty, we think the court below determined it properly.''

The same question was before the Supreme Court of Pennsylvania, in the case of Peeling v. York County, 212 Pa. St. 245, where the court said:

''The act provides that 'the sheriff shall be entitled to receive and have taxed as costs, ten cents a mile, for each mile actually traveled and necessary' in the performance of his official duties as therein specified. In this instance, the duty was the taking of the prisoners to penal institutions. The distance actually traveled by the sheriff in the performance of this duty was the number of miles from the county seat to the institutions in which the prisoners were committed and return therefrom.

''It was just as necessary in the performance of this duty for the sheriff to travel one way as the other. It may be, as suggested by the learned counsel for appellant, that ten cents a mile direct is ample compensation for the officer who performs this duty, but that is a legislative and not judicial question. It is not for the court to say whether the rate of mileage provided in the act is too great or too small. Our inquiry is limited to a consideration of the provisions of the act. It is clear the legislature intended the sheriff to charge mileage traveled and necessary in performance of the duty for which he seeks to impose the charge, which means circular mileage.''

The point is made that in other statutes respecting mileage, the words ''going and returning'' are used, and it is argued that had the legislature intended that, under the statutes in question, a sheriff should have mileage both ways, it would have so provided in express terms, and not having so provided it is clear that it did not intend to allow mileage but one way. There might be some merit in this contention if it were not for the following facts: Sections 361 and 363 are parts of the act of May 1st, 1893. Subsection 13, section 2095b, is part of an act of March 21st, 1902. So far as mileage is concerned, the language of these acts is identical with the mileage act of May 3rd, 1880. The act of 1880 was construed by the Auditor and the legal department of the state as providing for mileage both ways. When, therefore, the legislature passed the reform school act twelve

.years later, and re-enacted in the same language the act of 1880 by passing sections 361 and 363, it did so with knowledge of the fact that the language therein employed respecting mileage had been for years construed as allowing mileage both ways.

The contemporaneous construction of a statute of doubtful meaning during a long number of years by those charged with its enforcement, is highly persuasive of the correctness of that interpretation. Especially is this true when such interpretation has received the approval of the legislature by the re-adoption, without change, of the statute as thus construed. City of Louisville v. Louisville School Board, 119 Ky. 574, 84 S. W. 729; Fuqua v. The Auditor, 119 Ky. 407, 84 S. W. 325; Board of Education of Louisville v. Sea, 167 Ky. 772. Clearly, if the legislature had intended to change the statutes under consideration, it would have re-enacted them in language suitable for that purpose. Not having done so, it is to be presumed that it intended that the statutes should thereafter receive the same interpretation that they had theretofore received during a long number of years.

Judgment affirmed. Whole court sitting.