# State Tax Commission et al. v. Safety Transfer & Storage Company et al.

(Decided June 21, 1929.)

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellants.

LEON P. LEWIS and BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Beginning in the year 1918 the license tax on motor trucks was based on carrying capacity, the precise language of the act being: "Those having a capacity of." Acts 1918, c. 27. In 1920, the license on motor trucks was raised, but the basis remained the same, the language of the act being: "Having a capacity of." Acts 1920, c. 90. In 1924, the tax was again raised without changing the basis, the statute again employing the words, "having a capacity of." Acts 1924, c. 79. In 1926, there was another raise, but the basis still remained the same, the language being: "Having a capacity of." Acts 1926, c. 111. Under section 2 (b), c. 90, Acts 1920, the only data which the owner of the truck was required to give concerning its carrying capacity was the manufacturer's rating. Beginning with the year 1918 and continuing for several years, all licenses were issued in accordance with the manufacturers' rating. However, on December 4, 1928, the state tax commission issued to the county clerks an order requiring all trucks to be rerated for license purposes. The order applied to all trucks from 1½ tons to 8 tons capacity, except trucks manufactured prior to 1922, which were treated as obsolete. By this order each truck covered thereby was given a carrying capacity in excess of the manufacturer's rating. The increase thus made averaged almost 50 per cent.

Taking the position that the state tax commission was without power to place this construction on the stat-

utes, the Safety Transfer & Storage Company, and other truck owners acting on behalf of themselves and other truck owners similarly situated, brought this suit under the Declaratory Judgment Act (Acts 1922, c. 83) for an adjudication of their rights under the statute, and to require the members of the state tax commission and those acting for them to accept manufacturers' ratings, and to require the repayment of such excess licenses as were paid before the judgment became effective. On final hearing the Franklin circuit court sustained the position of plaintiffs, and entered a judgment ordering the state tax commission to accept payment for licenses according to manufacturers' ratings. He further ordered a refund of the excess licenses theretofore paid. From that judgment this appeal is prosecuted.

Appellants insist that the "actual carrying capacity" should control, and not the capacity fixed by the manufacturers. Summarizing the evidence we find that trucks manufactured in 1928 and 1929 have no greater carrying capacity than the same make of trucks of the same rating manufactured in 1925. We further find that the manufacturers' ratings are substantially correct, but, that trucks are often overloaded, and when overloaded they have a carrying capacity in excess of the manufacturers' ratings. Though this be true, we must have a standard of some kind to govern the action of the county clerks. Without such standard the question of capacity will vary with the personnel of the owner, the character of the business in which it is employed, and the kind of street or road over which it is operated. An increase of ratings based on the fact that some owners overload their trucks is manifest injustice to those who do not follow that practice. Every other guide being uncertain the officials charged with the administration of the law adopted the practice of issuing licenses based on the manufacturers' ratings. This was continued for several years, when the order in question was promulgated. Here then we have a case where the language of the statute is clearly ambiguous. We have had a contemporaneous construction of the statutes through several administrations. Not only so, but the Legislature has met, and though it has made several increases in the license taxes, it has never changed the standard adopted by those charged with the administration of the law. Therefore, it seems to us, if there ever was a case where the doctrine of contemporaneous construction should be fol-

lowed and applied, this is one. Fuqua v. Hager, 119 Ky. 407, 84 S. W. 325, 27 Ky. Law Rep. 46; City of Louisville, v. Louisville School Board, 119 Ky. 574, 84 S. W. 729, 27 Ky. Law Rep. 209; Greene, Auditor, v. Jones et al., 170 Ky. 757, 186 S. W. 675. Unless we adhere to that doctrine, we shall have uncertainty and confusion that cannot fail to result in inequality of treatment in the administration of the statute.

While the state tax commission is to be commended for its efforts to collect license taxes on actual carrying capacity, the ratings made by the manufacturers have been the standard so long that any change therein will have to be made by the Legislature.

Judgment affirmed.

Whole court sitting.