## Commonwealth v. Wilborn.

(Decided June 23, 1933.)

BAILEY P. WOOTTON, Attorney General, S. H. BROWN, GARDNER K. BYERS, and H. HAMILTON RICE, Assistant Attorneys General, J. S. SANDUSKY, Commonwealth's Attorney, and J. A. FLOWERS for appellant.

GARNETT & VAN WINKLE and W. T. PHILLIPS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Certifying the law.

The appellee, Clyde Wilborn, was arrested under a warrant charging him with the offense of unlawfully operating a motortruck on the public highways of Clinton county without first having registered the same as provided by law. On his trial before the county judge he was found guilty and fined $20. He appealed to the circuit court, where he was adjudged not guilty, and the warrant was dismissed. The commonwealth has appealed seeking a certification of the law.

The facts are these: The appellee is engaged in the business of hauling logs and operates a 1½-ton Chevrolet motortruck for which he procured a license for the year 1932, and paid the fee required by section 2739g-2 (d) of the Kentucky Statutes. He designed from the rear wheels of a 1-ton Ford truck what is defined by chapter 106, sec. 1, Acts of 1932, now section 2739g-80, Kentucky Statutes, 1933 Supplement, to be a semitrailer, which he attached to the truck upon which

the license had been paid. It is contended by the commonwealth that an additional license fee should be paid, since it is conceded that the semitrailer has a load capacity of over 1,000 pounds.

Section 2739g-80, Kentucky Statutes Supp. 1933, defines a semitrailer as follows:

" 'Semi-Trailer' means a vehicle designed to be attached to, and have its front end supported by, a motor truck or truck tractor, and intended for the carrying of freight or merchandise and with a load capacity of over One thousand pounds."

A motortruck is defined by the same section as "Any motor-propelled vehicle designed for carrying freight or merchandise and not operated or driven on fixed rails or tracks." Section 2739g-2 (c), Ky. Stats. Supp. 1933, fixed the annual registration fees for passenger automobiles and provides a standard to govern the action of the authorities administering the act in determining the amount due on a particular automobile. It provides that the fee shall be 19 cents for each horsepower of the vehicle registered, to be calculated on the rating fixed by the Society of Automobile Engineers, plus 30 cents on each one hundred pounds of such automobile. Section 2739g-2 (d), Ky. Stats., fixed the annual registration fees on motortrucks, and a graduated tax is levied according to the capacity of the truck, but no standard is fixed to guide the officials administering the act in determining the load capacity. The officials charged with the administration of the law have, from the time it was first enacted, followed the practice of issuing licenses based on the manufacturers' ratings, and this practice was approved in State Tax Commisison v. Safety Transfer & Storage Company, 230 Ky. 225, 18 S. W. (2d) 991. No tax is prescribed by the statutes for semitrailers, and section 2739g-2 (d) must be resorted to to ascertain the amount of the annual registration fee. This section applies only to motortrucks, and the registration fee is based solely on the capacity of the truck.

Considerable evidence was heard in the instant case, and substantially all of it was to the effect that the capacity of the truck was not increased by the addition of a semitrailer, but that the load was merely distributed. The weight of the evidence showed that the capacity of the truck was actually reduced by the addition of the

trailer, since the load was moved a greater distance from the power plant. If the truck and the semitrailer are considered as a unit, the great weight of the evidence shows that the capacity of the truck is not increased by the attachment of the semitrailer.

We find no authority in the statutes for levying a tax on semitrailers, and it follows that the judgment of the circuit court dismissing the warrant is correct. The foregoing is certified as the law.

The whole court sitting.