MOUNTAIN CLAY, INC., Appellant,

v.

Jerry W. FRAZIER; Lloyd R. Edens, Administrative Law Judge; And Workers' Compensation Board, Appellees.

and

Jerry Frazier, Cross–Appellant,

v.

Mountain Clay, Inc.; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 1998–CA–000171–WC,
1998–CA–000239–WC.

Court of Appeals of Kentucky.

Oct. 30, 1998.

As Modified on Denial of Rehearing
Feb. 12, 1999.

Timothy J. Walker, London, Kentucky, for Mountain Clay, Inc.

Rickey D. Bailey, Manchester, Kentucky, for Jerry W. Frazier.

Before COMBS, MILLER, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge:

This case involves petitions for review of a decision of the Workers' Compensation Board (Board). Mountain Clay, Inc. (Mountain Clay) argues that the administrative law judge (ALJ) on reopening erred in awarding Jerry Frazier (Frazier) medical benefits when he did not request them and the ALJ who adjudicated the original claim did not award them. Frazier contends that the evidence compels a finding of an increase in occupational disability.

Frazier's original claim alleged neck and back pain as the result of a June 1991 work injury. ALJ Ronald W. May found that Frazier suffered a compression fracture at T–5, but based on a lack of impairment rating and restrictions by Dr. Huszar and no restrictions by Dr. Lowe, coupled with the fact that Frazier had returned to the same job without missing any work, he found no permanent disability and dismissed the claim. Judge May made no mention of medical benefits.

Upon reopening in December 1996, Frazier claimed that he was now more occupationally disabled than at the time of the original claim. He complained of pain over his shoulders and upper back, as well as his lower back and legs. He stated that despite searching, he was unable to obtain any other employment.

Relying on *Peabody Coal Co. v. Gossett,* Ky., 819 S.W.2d 33 (1991), ALJ Edens noted that Frazier had returned to work November 11, 1991 and continued to work until he was laid off on December 27, 1995. The medical evidence came from Drs. Stephen Spady, James Templin, and Daniel Primm. Dr. Spady noted increased complaints of pain and a decrease in range of motion. Dr. Primm found the same limitations and functional impairment as he had in 1994. Judge Edens was not persuaded that Frazier had suffered an increase in occupational disability and therefore denied the claim. The ALJ, however, did award medical expenses related to the T–5 injury. This decision was based in part on Judge May's having found a compression fracture of the thoracic spine at T–5.

Both Frazier and Mountain Clay appealed to the Board, which affirmed the ALJ's opinion. The Board found the denial of the claim supported by substantial evidence. *Special Fund v. Francis,* Ky., 708 S.W.2d 641 (1986). The Board also determined:

[A]LJ May ... made no findings concerning medical benefits. In his deposition, Dr. Spady testified that his treatment has been mainly for the thoracic problem. He stated that Frazier has chronic pain in the thoracic area radiating into the upper thoracic and down into the lower thoracic spine. He stated that Frazier still can't sleep at night because of pain in the tho-

racic area. The Kentucky Supreme Court has reaffirmed the concept that medical benefits are not tied to a finding of occupational disability in *Derr Construction Co. v. Bennett*, Ky., 873 S.W.2d 824 (1994). The Court stated, "liability for medical expenses requires only that an injury was caused by work and that medical treatment was necessitated by the injury[."] There is evidence of substance in the record to support the ALJ's finding that Frazier is entitled to medical treatment for his thoracic condition. As a further basis to affirm ALJ Edens' award of medical benefits, we believe ALJ May should have awarded medical benefits for the thoracic condition in the original award. We believe it would be proper for ALJ Edens to correct this pursuant to the holding of *Wheatley v. Bryant Auto Service*, Ky., 860 S.W.2d 767 (1993).

Mountain Clay now maintains that the sua sponte award of medical benefits upon reopening was improper because Frazier did not request them, and the ALJ did not explain how the award was proper under any of the bases of KRS 342.125. Mountain Clay espouses that an award of medical benefits is not required in every case of a work-related injury. Mountain Clay also claims that the Board's reliance on *Wheatley*, 860 S.W.2d 767 is misplaced. We disagree.

KRS 342.020(1) states that, "In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury ... ." It has consistently been held that an ALJ may award medical expenses even if he finds no disability because it is possible for a non-disabling injury to require medical care. *Cavin v. Lake Construction Co.*, Ky., 451 S.W.2d 159 (1970). "Liability for medical expenses requires only that an injury was caused by work and that medical treatment was necessitated by the injury." *Derr Construction Company*, 873 S.W.2d at 827. Thus, the only question is whether it is proper for an ALJ, on remand, to award medical benefits, when the ALJ who adjudicated the original claim found a work-related injury but did not award associated medical benefits.

We agree with the Board that ALJ May should have awarded medical benefits for the T–5 injury in the original opinion. He failed to make any mention of medical benefits, and Frazier did not petition for reconsideration asking for same. However, we find no reason why these facts should have precluded ALJ Edens from awarding such benefits on reopening. KRS 342.125 allows the ALJ to "reopen and review any award or order ..., ending, diminishing, or increasing the compensation previously awarded, ... or change or revoke his previous order[.]" *See also Wheatley v. Bryant Auto Service*, Ky., 860 S.W.2d 767 (1993). Therefore, we reject Mountain Clay's argument that ALJ Edens was not entitled to look behind the earlier decision to determine that the omission of medical benefits was a mistake.

Frazier contends that the evidence compels a finding of an increase in disability. Because the ALJ found no disability, Frazier had to establish before the Board that the evidence compelled a finding in his favor. *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985). This Court will only correct a Board decision when we "perceive[ ] the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685, 687–88 (1992). We do not find this standard has been met here.

Frazier relies on the deposition of Dr. Spady and the report of Dr. Templin as proof that his condition at T–5 has worsened since the original opinion. However, the ALJ considered this evidence but found more persuasive the testimony of Dr. Primm that Frazier had the same limitations and functional impairment as he had in 1994. Dr. Primm found no evidence that Frazier's condition had worsened for reason other than deconditioning. Because Dr. Primm's testimony constitutes substantial evidence, the Board correctly affirmed the ALJ's dismissal of the claim. As the Board has not misconstrued controlling precedent, we affirm its decision.

Accordingly, the decision of the Workers' Compensation Board is affirmed.

ALL CONCUR.