Oma COMBS, Appellant,

v.

KENTUCKY RIVER DISTRICT HEALTH DEPARTMENT; Hon. Andrew F. Manno, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2005–CA–001135–WC.

Court of Appeals of Kentucky.

Feb. 10, 2006.

McKinnley Morgan, London, KY, for appellant.

James G. Fogle, Louisville, KY, for appellee.

Before GUIDUGLI and HENRY, Judges; POTTER, Senior Judge.[1]

## OPINION

HENRY, Judge.

Oma Combs appeals from a decision of the Workers' Compensation Board finding that an award of future medical benefits is not authorized after a claimant reaches maximum medical improvement in the absence of a permanent impairment and resulting disability. Upon review, we reverse the Board's decision and reinstate the award of the Administrative Law Judge.

The underlying facts of this case are not in dispute. Combs filed a workers' compensation claim seeking benefits for injuries she sustained on June 4, 2003 in an automobile accident while employed by Appellee Kentucky River District Health Department (hereinafter "Kentucky River"). In an Opinion, Award and Order rendered on December 13, 2004, The Administrative Law Judge (hereinafter "ALJ") found that Combs had sustained injuries to her cervical and lumbar spine, and that these injuries were work-related. However, he concluded that, although she had received "temporary total disability" income benefits for the period from June 5, 2003 to January 4, 2004, due to her injuries, Combs was not entitled to income benefits for "permanent partial disability" after that point because the evidence did not merit a permanent disability impairment rating for those injuries. The ALJ

---

1. Senior Judge John Woods Potter, sitting as Special Judge by Assignment of Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

further ruled that—despite his finding of no permanent disability—Combs was entitled to "future medication as may be needed" and ruled that she "shall further recover of the Defendant, Kentucky River District Health Department, and/or its insurance carrier, for the cure and relief from the effects of the injury such medical, surgical and hospital treatment including nursing, medical and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability."

Kentucky River subsequently filed a petition for reconsideration asking the ALJ to reconsider his decision that Combs was entitled to an award of future medical benefits. The ALJ denied the petition in a January 6, 2005 Order Upon Petition for Reconsideration, noting: "[T]his ALJ relied upon the report of Dr. Bean that future medical treatment was necessary beyond the point of maximum medical improvement. The ALJ did not make a finding of a temporary injury. Therefore, based upon KRS[2] 342.020 and *Cavin v. Lake Construction Co.*, Ky., 451 S.W.2d 159 (1970), the Defendant's petition is DENIED."

Kentucky River then appealed the ALJ's decision to the Workers' Compensation Board (hereinafter "the Board"), arguing that Combs was not entitled to an award of future medical benefits after reaching "maximum medical improvement" in the absence of a finding of permanent disability and a resulting impairment. In a two-to-one decision entered on April 29, 2005, the Board agreed with Kentucky River, finding that, under KRS 342.020(1), a future medical benefit award is only authorized when a permanent disability impairment rating has been given. Specifically, the Board held:

To summarize, under KRS 342.020(1) an employer may be ordered to pay medical benefits reasonably required at *the time of injury* for the cure and relief of a work-related injury without regard to disability. Thereafter, however, KRS 342.020(1) only authorizes an award of medical benefits "during disability."

In the claim presently on appeal, Combs had reached MMI. Combs was found to have 0% permanent impairment ratings for her cervical and lumbar injuries. The award of medical benefits, therefore, should not have encompassed future medical expenses.

(Italics in original). The Board consequently ordered the ALJ's award as to future medical benefits to be vacated and remanded, with the ALJ being instructed to limit Combs' medical benefit award to those medical expenses incurred up until the point where she reached "maximum medical improvement." This appeal followed.

The function of the Court of Appeals in reviewing a decision of the Workers' Compensation Board is generally "to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687–88 (Ky.1992). Our function also encompasses addressing new or novel questions of statutory construction, reconsidering precedent when such appears necessary, or reviewing questions of constitutional magnitude. *Id.* at 688. Given that this appeal focuses upon the appropriate interpretation of a statute, we note that interpretation of a statute is a matter of law to be reviewed *de novo* and without deference to any stat-

---

**2.** Kentucky Revised Statutes.

utory construction given by the Board. *See Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth,* 983 S.W.2d 488, 490 (Ky. 1998); *Halls Hardwood Floor Co. v. Stapleton,* 16 S.W.3d 327, 330 (Ky.App.2000); *Wilson v. SKW Alloys, Inc.,* 893 S.W.2d 800, 801–02 (Ky.App.1995).

■ This case turns, in significant part, on the appropriate interpretation of KRS 342.020(1), which provides, in pertinent part, as follows:

> In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury *and thereafter during disability,* or as may be required for the cure and treatment of an occupational disease. The employer's obligation to pay the benefits specified in this section shall continue *for so long as the employee is disabled* regardless of the duration of the employee's income benefits.

(Emphasis added). The Board noted that the first sentence of KRS 342.020(1) "confines an award for medical expenses to those expenses which 'may reasonably be required at the time of the injury *and thereafter during disability,*'" and that the second sentence confines an employer's obligation to pay future medical benefits only *"for so long as the employee is disabled* regardless of the duration of the employee's income benefits." (Italics in original) (Footnote deleted). According to the Board, "[t]he references in this statutory context to 'during disability' and 'for so long as the employee is disabled' *must mean something in addition to a situation in which medical treatment for the cure and relief from the effects of the injury is reasonably required;* otherwise, the refer-

ences to 'during disability' and 'for so long as the employee is disabled' are mere surplusage." (Italics in original).

As noted by the Board and the ALJ below, the issue of whether an injured worker is entitled to future medical benefits when the subject injury does not merit an award of permanent disability income benefits was first addressed by this state's highest court in *Cavin v. Lake Construction Co.,* 451 S.W.2d 159 (Ky.1970). In *Cavin,* the claimant was injured when he tripped and fell into a ditch while carrying an 80–pound jackhammer on his shoulder. The Workmen's Compensation Board rejected Cavin's claim for disability income benefits, finding that the injury produced no occupational disability, but nevertheless awarded him further medical benefits pursuant to KRS 342.020. The former Court of Appeals (now the Kentucky Supreme Court) affirmed this decision, holding: "We do not believe it is necessarily inconsistent for the board to award payment of medical expenses without finding some extent of disability. It is not impossible for a non-disabling injury to require medical attention." *Id.* at 161–62.

Despite the Board's belief that the conclusion in *Cavin* that future medical benefits may still be awarded in the absence of a finding of disability is mere *dicta* and "conflicts with the plain language of KRS 342.020, which confines an award for medical expenses to those expenses which 'may reasonably be required at the time of injury *and thereafter during disability*'" (italics in original), this proposition has been repeatedly recognized and followed by our courts—even given the sweeping legislative changes of the workers' compensation system in 1996. *See Alcan Foil Products, a Division of Alcan Aluminum Corp. v. Huff,* 2 S.W.3d 96, 99 (Ky.1999) ("Although a finding of occupational disability is required for an award of income benefits, the

onset of occupational disability has no bearing on determining the date from which the period of limitations begins to run or on determining an injured worker's entitlement to medical benefits."); *Mountain Clay, Inc. v. Frazier*, 988 S.W.2d 503, 505 (Ky.App.1998) ("It has consistently been held that an ALJ may award medical expenses even if he finds no disability because it is possible for a non-disabling injury to require medical care."). Moreover, the particular portion of KRS 342.020 noted above that was cited by the Board as being in conflict with *Cavin* was in effect well before that decision was rendered, and our predecessor court presumably was aware of it when the case was decided. While the Board may disagree with this precedent, it is still bound to follow it. *See Western Baptist Hospital, supra.* We also note that none of the cases cited to by the Board in support of its decision deals with the specific issue of whether future medical benefits can ever be awarded in the absence of a finding of permanent disability or addresses *Cavin* in any way. Accordingly, until our Supreme Court decides to explicitly overturn its decision in *Cavin*, we will continue to abide by the principles set forth in that case. Therefore, we must reverse the Board on this issue.

■ We also note that the Board took issue with the evidence upon which the ALJ based his decision to award Combs future medical benefits. However, we agree with the dissenting opinion of Board Member Stanley as to this matter and adopt the following portion of that opinion:

First, I believe the ALJ's award of future medical benefits is supported by substantial evidence and, therefore, may not be disturbed on appeal. *Special Fund v. Francis*, 708 S.W.2d 641 (Ky. 1986). While the ALJ determined, based on the medical opinions of Drs. Goldman and Bean, that Combs has a 0% cervical impairment and a 0% lumbar impairment, he also declared that he was not making a finding of a temporary injury. The ALJ remained convinced the physical effects of Combs' work-related condition, though not measurable by way of an impairment rating under the AMA *Guides*, are permanent and will require medical treatment in the future beyond the point of maximum medical improvement. In arriving at this conclusion, the ALJ relied upon the opinion of Dr. Bean. Dr. Bean plainly stated, when questioned in regard to further medical care, that Combs would require "medication as needed." The number of words used by Dr. Bean to express his opinion is hardly relevant given the context of the question he was answering. From that answer, I believe the ALJ could reasonably conclude Dr. Bean was referring to prescription medication and that such treatment would need to be both administered and monitored by a licensed doctor of medicine. After all, such reasonable inferences are for the ALJ as fact-finder, and not this Board. *See Jackson v. General Refractories*, 581 S.W.2d 10 (Ky.1979).

I should not need to remind the majority that as the trier of fact, the ALJ has the sole authority to determine the quality, character, and substance of the evidence. *Square D Co. v. Tipton*, 862 S.W.2d 308 (Ky.1993); *Paramount Foods Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky.1985). Similarly, the ALJ has the sole authority to judge the weight and inferences to be drawn from the evidence. *Miller v. East Kentucky Beverage/Pepsico, Inc.*, 951 S.W.2d 329 (Ky. 1997); *Luttrell v. Cardinal Aluminum Co.*, 909 S.W.2d 334 (Ky.App.1995). The ALJ, as fact-finder, may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness

or the same adversary party's total proof. *Magic Coal v. Fox,* 19 S.W.3d 88 (Ky.2000); *Whittaker v. Rowland,* 998 S.W.2d 479 (Ky.1999); *Halls Hardwood Floor Co. v. Stapleton,* 16 S.W.3d 327 (Ky.App.2000). Mere evidence contrary to the ALJ's decision is not adequate to require reversal on appeal. *Whittaker v. Rowland, supra.* In order to reverse the decision of the ALJ, it must be shown there was no evidence of substantial probative value to support his decision. *Special Fund v. Francis, supra.* Moreover, in accordance with the express language of the Act, this Board may not substitute its judgment for that of the ALJ in matters involving the weight to be afforded the evidence in questions of fact. *See* KRS 342.285.

Accordingly, the April 29, 2005 Order of the Workers' Compensation Board is reversed, and the December 13, 2004 Opinion, Award and Order of the ALJ is reinstated.

POTTER, Senior Judge, concurs and files separate opinion.

GUIDUGLI, Judge, dissents and files separate opinion.

POTTER, Senior Judge, concurring.

I concur with the result and interpretation given KRS 342.020 by the majority and write separately in order to emphasize the effect of statutory amendments.

In reaching the result below, the Board relied upon two sentences. The first sentence has been around for some time. For at least 50 years KRS 342.020 has stated, as it does today, that a worker is entitled to medical benefits "as may be reasonably required at the time of the injury and thereafter during disability...." March 23, 1916, *Ky. Acts* Ch. 38, Sec. 4; *Carroll's Ky. Statutes* (6th ed. 1922) Sec. 483.

In 1970, Kentucky's highest court interpreted this language as providing future medical benefits for a work-related injury even though the injury may not cause a permanent occupational disability. It is also noteworthy that the Court affirmed a Board interpretation of the statute. Although the Board now questions the soundness of its prior interpretation of the phrase "thereafter during disability," it recognizes such to have become the law.

In 1994, the second sentence appeared. In that year, the Legislature amended the statute by adding that the "employer's obligation to pay [medical] benefits shall continue for so long as the employee is disabled regardless of the duration of the employee's income benefits...." 1994 *Kentucky Acts,* Ch. 181, Sec. 17.

In amending a statute, the Legislature is presumed to know not only the law, but the interpretation given its prior enactments by the courts. *Button v. Hikes,* 296 Ky. 163, 176 S.W.2d 112, 116 (Ky.1943). A correlation to this proposition is the so-called re-enactment doctrine which was described by the court in *Commonwealth v. Trousdale,* 297 Ky. 724, 728, 181 S.W.2d 254, 256 (Ky.1944), as follows:

It is a generally recognized rule of Statutory construction that when a statute has been construed by a court of last resort and the statute is substantially re-enacted, the Legislature may be regarded as adopting such construction.

The issue therefore becomes whether the Legislature, by adding the 1994 language (the second sentence), intended to deprive injured workers of the medical benefits they enjoyed before the amendment (granted by the first sentence). Clearly, the answer is no. If anything, the 1994 addition is an effort to affirm the protection given in the first sentence by ensuring that the medical benefits it confers (as interpreted by the courts and af-

firmed by the Legislature through its re-enactment) are not cut short as a result of changes made elsewhere in the act.

GUIDUGLI, Judge, dissenting.

I respectfully dissent. The majority relies on *Cavin v. Lake Construction Co.*[3] However, I do not believe *Cavin* to be binding authority in this matter. In *Cavin*, the court affirmed the Fayette Circuit Court's judgment affirming the order of the Workmen's Compensation Board, which rejected Cavin's claim for disability benefits. While the Board found that Cavin's claim was not compensable, it did order that medical expenses under KRS 342.020 would be paid. On appeal, the court expressed surprise that the Board did not find the injury compensable based upon the medical evidence, but affirmed nonetheless, stating, "there is a vast difference between what the board is free to do and what it can be forced to do under a given state of the evidence. In this case we must conclude that the evidence on *causation* was not sufficiently strong and unequivocal to force a checkmate."[4] This statement appears to be in compliance with what would become the standard of review set out in *Western Baptist Hospital v. Kelly.*[5] The court then acknowledged that the only party who was in a position to complain about the medical expenses was the employer, who did not appeal. Thus, although the issue was not properly before the court, it stated, "[w]e do not believe it is necessarily inconsistent for the board to award payment of medical expenses without finding some extent of disability. It is not impossible for a non-disabling injury to require medical attention."[6] While this statement appears to apply to the issue now before this Court, that issue was not properly before the *Cavin* court and any discussion on the issue was purely dicta. I do not believe the language in *Cavin* on the issue of future medical expenses is binding on this Court. Not being bound by *Cavin*, I believe the Board's majority opinion was correct when it stated:

> To summarize, under KRS 342.020(1) an employer may be ordered to pay medical benefits reasonably required *at the time of injury* for the cure and relief of a work-related injury without regard to disability. Thereafter, however, KRS 342.020(1) only authorizes an award of medical benefits "during disability."

> In the claim presently on appeal, Combs had reached MMI. Combs was found to have 0% permanent impairment ratings for her cervical and lumbar injuries. The award of medical benefits, therefore, should not have encompassed future medical expenses.

> Accordingly, the decision of Hon. Andrew F. Manno, Administrative Law Judge, to award medical benefits is VACATED. Any award of benefits on REMAND shall be limited to past expenses incurred up until the date on which Oma Combs reached maximum medical improvement.

For the foregoing reasons, I dissent from the majority opinion in this case and would affirm.

**3.** 451 S.W.2d 159 (Ky.1970).

**4.** *Id.* at 161. (Emphasis in original.)

**5.** 827 S.W.2d 685 (Ky.1992).

**6.** *Cavin,* 451 S.W.2d at 161–62.