## Cornett v. Commonwealth.

(Decided June 13, 1916.)

### Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Offenses—Criminal Prosecutions.—In order to sustain a prosecution under section 2557b of the Kentucky Statutes for having intoxicating liquors in one's possession for the purpose of selling them in local option territory, the Commonwealth should show: (1) that the person being prosecuted had liquors in his possession; and, (2) that he had them for the purpose of selling them in local option territory. But it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth, since, a conviction may be had upon circumstantial evidence.

2. Intoxicating Liquors—Criminal Prosecutions—Evidence.—In determining the purpose of a defendant in a case charging him with

having intoxicating liquors in his possession for the purpose of sell-
ing them, in violation of section 2557b of the Kentucky Statutes,
the jury are not confined to his testimony alone, but have a right
to take into consideration all the facts and circumstances sur-
rounding the transaction.

3.   Intoxicating Liquors—Criminal Prosecutions—Having Liquors in
Possession.—In order to complete the offense of having intoxicat-
ing liquors in one's possession for the purpose of selling them in
violation of section 2557b of the Kentucky Statutes, it is not neces-
sary that the accused shall actually make a sale; it is sufficient if
he has the whiskey in his possession with that intent.

EVERSOLE & TURNER for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, As-
sistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

The appellant, Lucian Cornett, was indicted in the
Perry circuit court for having intoxicating liquor in his
possession on March 5th, 1916, for the purpose of sell-
ing it in local option territory.  Upon his trial the jury
returned a verdict of guilty, and fixed his punishment
at a fine of $100.00 and confinement in the county jail
for forty days, and applied the working statute to the
verdict.. Cornett appeals, insisting that the verdict was
rendered through passion or prejudice of the jury, and
is not supported by the evidence.

The indictment was returned under subsection 2 of
section 2557b of the Kentucky Statutes, which reads as
follows:

"It shall be unlawful for any person to sell, lend,
vend, give, procure for, or furnish to another, any spirit-
uous, vinous or malt liquors, or to have in his posses-
sion spirituous, vinous or malt liquors, for the purpose
of selling them in any territory where said act is in
force, and any person so offending shall be fined not
less than fifty nor more than one hundred dollars, and
imprisoned not less than ten nor more than forty days.

"The possession of a United States special tax
stamp (commonly called United States license) for
carrying on the business of a retail dealer in spirituous,
vinous or malt liquors, or the having of such tax stamp
or license stuck up at the place of business in such ter-
ritory shall be *prima facie* evidence of guilt under this
section."

Only two witnesses testified—Lawson, the Adams Express Company's agent at Hazard, for the Commonwealth, and Cornett in his own behalf. Lawson proved that Cornett had received through the Adams Express Company's office, at Hazard, the following shipments of whiskey, between January 1st, 1915, and February 13th, 1915:

| | |
|---|---|
| January 1st, 1915 | ½ gallon. |
| January 5th, 1915 | 1 gallon. |
| January 15th, 1915 | 1 gallon. |
| January 21st, 1915 | 1 gallon. |
| January 24th, 1915 | ½ gallon. |
| January 30th, 1915 | ½ gallon. |
| Febr'y 6th, 1915 | 1 gallon. |
| Febr'y 13th, 1915 | 1 quart. |

From this it will appear that Cornett received 5¾ gallons of whiskey in less than six weeks.

Cornett testified as follows:

"The defendant admitted that he had ordered some whiskey, but that he had only ordered the same for his own personal use, and further testified that he never sold any part of the whiskey or furnished it to any one else for sale; that three of the shipments were in quantities of one quart and three shipments were in quantities of ½ gallon each and three were for one gallon shipment, as shown by the express records."

It will be noticed that appellant did not testify that he never intended to sell any of the whiskey; he merely said he ordered it for his personal use and had not sold any of it, or furnished it to any one else for sale. He nowhere said he did not have it for the purpose of selling it, or that he did not intend to sell it, or that he had used it himself. Neither is there anything in the record to show appellant's capacity as a consumer of intoxicating liquors.

This constituted all the proof offered for the Commonwealth and for the defendant, respectively; and, upon this proof the jury found the defendant guilty. He appeals.

There is no complaint of the instruction or of the admission of testimony. It is earnestly insisted, however, by counsel for appellant, that this evidence did not warrant a conviction.

The rule as to what must be shown to convict, in cases of this character, was stated as follows, in King v. Commonwealth, 143 Ky. 127:

"It is, however, necessary to sustain a prosecution that the Commonwealth in a case like the one before us should show first: That the person being prosecuted had in his possession liquors; and second, that he had it for the purpose of selling it in local option territory. But, it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth. A conviction may be had upon circumstantial evidence."

The fact that appellant received on an average of about one pint of whiskey each day for six weeks was a circumstance that the jury was justified in considering in reaching its verdict.

In Peters v. Commonwealth, 154 Ky. 689, this court said:

"It must be remembered, however, that in determining the purpose of the defendant in a case like this, the jury are not confined to his testimony alone, but have a right to take into consideration all the facts and circumstances surrounding the transaction."

In Combs v. Commonwealth, 162 Ky. 88, the court, in speaking of a case of this character, further said:

"In order to complete this offense it is not necessary that the accused shall actually make a sale. It is sufficient if he has the whiskey in his possession with that intent. When the gist of the offense is the intent, then the jury may take into consideration all of the circumstances to determine that fact. From his own testimony the whiskey was not for his personal use. In the minds of a jury in local option territory, 12 gallons of whiskey may be too much for one man to have at a time for his personal use, and is a strong circumstance to prove that it was in his possession for purposes of sale."

And, as was said in Commonwealth v. Stone, 165 Ky. 338, "it is one of the important functions of the jury to draw inferences from circumstantial evidence."

See also McGuire v. Commonwealth, 30 Ky. L. R. 720, 99 S. W. 612; Scalings v. Commonwealth, 154 Ky. 738.

Under the rule of law governing cases of this character, as above stated, an experienced jury might well conclude that one pint of whiskey each day was too

much whiskey for the personal use of the appellant, and that he must have intended to sell at least a part of it. At any rate, we are not prepared to say that a finding to that effect was brought about through passion or prejudice upon the part of the jury, or, indeed, that the verdict is not supported by the evidence.

Judgment affirmed.