## Morgan v. Commonwealth.

June 21, 1940.

L. L. Hindman, Judge.

Steve Wiley and E. J. Stahr for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Henry Morgan has been convicted of voluntary manslaughter and sentenced to imprisonment for 10 years. He is appealing.

The only ground argued and relied on for reversal is that the court committed prejudicial and reversible error in admitting incompetent evidence over his objections.

On direct examination a witness for the commonwealth was asked the following questions and made the following answers:

"Q. Since then has Henry Morgan tried to get you to change your evidence? A. No sir, but another fellow did.

"Q. Who was it? A. Eddie Ray.

"Q. Do you know whether he was a close friend of Morgan or not? A. Yes sir, that is what he said."

Motion to exclude all this evidence was overruled and defendant saved exceptions. There is no showing whatever that the witness was in any way connected with or acting on behalf of appellant. This court in the case of Steele v. Commonwealth, 262 Ky. 206, 90 S. W. (2d) 8, held that the admission of like evidence in similar circumstances constituted reversible error. There are a number of cases of like tenor.

On cross-examination the attorney for the commonwealth asked appellant if he ever had another shooting scrape with anybody else and over objections of counsel was required to answer and stated that he had. The action of the court in permitting this question to be asked and requiring the witness to answer was prejudicial error. Crawford v. Commonwealth, 241 Ky. 391, 44 S. W. (2d) 286. Appellant was also asked on cross-examination whether he had formerly lived in Mississippi and went under another name, and whether he was wanted there for murder. Counsel for appellant objected to that line of interrogation but his objections were overruled. While the witness answered these questions in the negative it is too elementary to require citation of authority to show that the court erred in not sustaining appellant's objection, and in permitting counsel for the commonwealth to persist in that character of interrogation. The attorney general admits that error was committed and that the court would be required to ignore or overrule a number of cases in order to uphold the verdict and judgment.

Apart from any former holdings of the court and as a matter of first impression we would be constrained to hold that reversible error was committed in the particulars indicated.

Complaint is also made that a witness over objection of appellant testified that she procured whisky from appellant. In the state of the record it cannot be said that this was prejudicial error, but it is quite manifest that the evidence should not have been admitted, because immaterial and having no bearing on the case.

Wherefore the judgment is reversed for a new trial and proceedings in conformity with this opinion.