Steve **SMITH** and Ashland **Joseph,**
Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 14, 1971.

James A. Knight, Hazelrigg & Knight, Paintsville, for appellants.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellants were convicted of possessing alcoholic beverages in local option territory for the purpose of sale, and were each fined $100 and given 30 days in jail.

The sheriff of Magoffin County stopped a truck in which appellants were riding early one morning when it was observed weaving on the highway. Smith was driving. Without making a search, the sheriff and his deputy observed that the truck contained many cases of beer. Appellants were arrested for transporting intoxicating liquors in dry territory for the purpose of sale. Later examination showed the truck was loaded with from 60 to 70 cases of beer. There was proof that Joseph had a bad reputation for violation of local option laws. This was substantially all of the essential proof.

It is first contended that mere possession of alcoholic beverages in an automobile in local option territory does not constitute an offense under KRS 242.-230(1). That is true. See Commonwealth v. Trousdale, 297 Ky. 724, 181 S.W.2d 254 (1944). However, a large *quantity* of such beverages being transported may constitute substantial circumstantial evidence of the illicit purpose. See Cornett v. Commonwealth, 170 Ky. 717, 186 S.W. 671 (1916). Transporting 60 or more cases of beer raises a strong inference that this beverage was not possessed for personal or other legitimate use.

■ It is next contended appellants were entitled to a directed verdict because the beer discovered was not physically introduced in evidence. The best evidence rule does not ordinarily apply to nondocumentary evidence. Irvin v. Commonwealth, Ky., 446 S.W.2d 570 (1970). The beer itself was not evidence of who possessed it, which was the crucial question. Its introduction in evidence would have added nothing to the Commonwealth's case.

It is next contended appellants were entitled to a directed verdict because of insufficient evidence, but this argument is answered by our discussion of the first two contentions.

■ It is finally contended appellants could not have been convicted of the offense charged until some disposition was made of the charge of reckless driving, which was the apparent reason the officers stopped the truck on the highway. In the first place, appellants were not arrested on such charge. In the second place, the case upon which appellants rely, Thomason v. Commonwealth, Ky., 322 S.W.2d 104 (1959), was specifically overruled in Pennington v. Commonwealth, Ky., 429 S.W.2d 364 (1967). See also Commonwealth v. Hagan, Ky., 464 S.W.2d 261 (1971).

We find no reversible error.

The judgment is affirmed.

All concur.