**Finley HENDRICKSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1972.

Grant F. Knuckles, Pineville, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Finley Hendrickson shot and killed Robert N. North, Sr., and as a result was tried on a murder charge. The jury found him guilty of voluntary manslaughter and fixed a ten-year sentence. Hendrickson appeals from the judgment of conviction, asserting as his main contention that the trial court erred in allowing the introduction of evidence, over his objection, of his activities several hours preceding the shooting, which included bootlegging of beer and the annoucement of his intention to kill one Moody Howard, followed by his drawing and pointing a pistol at Howard.

The killing occurred around 4:00 p. m. on May 12, 1970. The victim's son Robert, Jr. (a 25-year-old man), who was in the occasional employ of the defendant, had borrowed the defendant's pick-up truck around 12:30 p. m. that day, to make a trip to the near-by hospital, but did not return the truck until around 4:00 p. m. The testimony for the Commonwealth (mostly from Robert, Jr.) was that the defendant was displeased because of the failure of Robert, Jr. sooner to return the truck; he asked Robert, Jr. why he had not come back sooner, "because he wanted me to bring a load of whiskey from Madison County that night;" Robert, Jr. said the delay in returning the truck was caused by his necessity to borrow some money for the bill at the hospital; .the defendant said, "You are going to haul that whiskey tonight," and Robert, Jr. said, "No, I have to take care of the kids," whereupon the defendant came at him with a gun; Robert, Jr. struggled with the defendant, the latter "let the gun down," and Robert, Jr. started walking away; his father then approached the scene, unarmed, and the defendant forthwith shot the father.

The defendant claimed self-defense, testifying that he was seated in his car when Robert, Jr. returned with the truck; he got out of the car and saw that Robert, Jr. was standing by the truck with a lug wrench in his hand; as the defendant approached the truck the father came around the end of the truck and advanced toward him with a knife in his hand; the defendant, fearing for his life, shot the father.

Each side produced witnesses to corroborate its version of the shooting.

We can see no justification for the admission of the evidence complained of, that around 9:00 a. m. on the day of the shooting the defendant with Robert, Jr. and a Baker boy, engaged in several deliveries of bootleg beer; in the course of that activity the defendant stated that he "was going to kill Moody over what he had said to him" (whatever that might have been); and directly they went to Moody Howard's house where the defendant flourished a gun but then surrendered it to the Baker boy without further incident.

On the question of admissibility of the evidence complained of, we think this case is indistinguishable from Arnett v. Com-

monwealth, Ky., 470 S.W.2d 834, where it was held that in a murder prosecution evidence that the defendant, several hours before the homicide, had pulled a pistol on a third party, should have been excluded. The court there concluded that the evidence did not establish identity, guilty knowledge, intent or motive, and therefore was not relevant. We conclude that the same is true of the evidence in the instant case. Other cases to the same effect are Crawford v. Commonwealth, 241 Ky. 391, 44 S.W.2d 286; Siler v. Commonwealth 280 Ky. 830, 134 S.W.2d 945; Morgan v. Commonwealth, 283 Ky. 588, 142 S.W.2d 123; Pemberton v. Commonwealth, Ky., 253 S.W.2d 381; Sizemore v. Commonwealth, Ky., 347 S.W.2d 77.

It is true that in the Arnett case the court held that the admission of the evidence, accompanied with an admonition by the trial court as to its limited purpose of "showing that he had a pistol," was not prejudicial, in view of the fact that the evidence of guilt was overwhelming. In the instant case there was no admonition, and the evidence of guilt was not overwhelming (the coroner said he found a knife under the victim's body, which was corroborative of the plea of self-defense).

It perhaps could be considered that the evidence as to bootlegging of beer was not prejudicial because the jury knew that the defendant was a bootlegger by virtue of the testimony of Robert, Jr. that the shooting grew out of his refusal to haul a load of whiskey for the defendant. Be that as it may, however, there is no way to classify as nonprejudicial the evidence concerning the threat and motion to shoot Moody Howard.

The Commonwealth relies on Morgan v. Commonwealth, Ky., 310 S.W.2d 281, and Gadd v. Commonwealth, 305 Ky. 318, 204 S.W.2d 215. We do not find either case to be controlling of the instant one. In Morgan, evidence that the defendant, shortly before the time at which he allegedly was *carrying concealed a deadly weapon,* had flourished the weapon at a person, was held admissible as relevant on the issue of whether he was in fact carrying the weapon at the time charged. That is a far cry from supporting the proposition that evidence that the defendant threatened and moved to shoot A, because of some grievance with A, is relevant on the issue of whether he subsequently shot B because of some entirely different grievance with B. In *Gadd,* evidence that the defendant had employed the victim in bootlegging activities was held relevant in a homicide prosecution because the evidence was that the shooting was motivated by the defendant's feeling that the victim was not making full accounting for the proceeds of liquor sales. That case might be authority for the admission of the evidence in the instant case that the shooting was precipitated by Robert, Jr.'s refusal to haul whiskey for the defendant, but it does not sustain the admissibility of the evidence of the prior bootlegging of beer or of the threat and motion to shoot Moody Howard.

The judgment is reversed, with directions to grant a new trial.

STEINFELD, C. J., and EDWARD P. HILL, Jr., MILLIKEN, NEIKIRK, PALMORE and REED, JJ., concur.