Lemar T. JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 3, 1974.

Lester H. Burns, Jr., Somerset, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Chief Justice.

This case is before us on a motion for an appeal from a judgment sentencing appellant to a fine of $50.00 and imprisonment for thirty days in jail for the offense of transporting alcoholic beverages for the purpose of sale in local option territory. KRS 242.230. The motion for appeal is granted.

Appellant was stopped by a state police officer upon a public highway in Pulaski County, Kentucky. The officer had received information that appellant was returning to Pulaski County from Richmond, Kentucky, with a quantity of alcoholic beverages. Appellant consented to a search of his automobile and the search disclosed seventeen cases of beer in the trunk of the car. Two revolvers were found in the glove compartment and a set of brass knuckles was found in the appellant's pocket.

Appellant contends that the possession of alcoholic beverages in a dry county is not an offense absent evidence of a purpose of sale. He claimed the beer was purchased for his own use in giving a party and relies upon Irvin v. Commonwealth, Ky., 317 S.W.2d 178 (1958) and Holbrook v. Commonwealth, Ky., 327 S.W.2d 950 (1959). In both *Irvin,* supra, and *Holbrook,* supra, the defendant was arrested in local option territory in possession of large quantities of alcoholic beverages and the mere possession of the beverage was the only evi-

dence against them. This court held that the mere possession of such beverages, absent proof of intent to sell, did not constitute an offense.

However, in Smith v. Commonwealth, Ky., 467 S.W.2d 606 (1971), this court upheld a conviction in a case where the defendant was found in possession of sixty cases of beer. We said:

"It is first contended that mere possession of alcoholic beverages in an automobile in local option territory does not constitute an offense under KRS 242.-230(1). That is true. See Commonwealth v. Trousdale, 297 Ky. 724, 181 S.W.2d 254 (1944). However, a large *quantity* of such beverages being transported may constitute substantial circumstantial evidence of the illicit purpose. See Cornett v. Commonwealth, 170 Ky. 717, 186 S.W. 671 (1916). Transporting 60 or more cases of beer raises a strong inference that this beverage was not possessed for personal or other legitimate use."

■ Although there was some evidence that Smith's reputation for trafficking in alcoholic beverages was bad, the court did not turn the decision upon this distinction but emphasized the inference that might properly be raised from possession of a large quantity of alcoholic beverages in local option territory. We think the effect of *Smith,* supra, is that evidence of transportation of a large quantity of alcoholic beverages in a dry territory is sufficient to support a conviction of the offense of transporting said beverages for the purpose of sale and to the extent that Irvin v. Commonwealth, supra, and Holbrook v. Commonwealth, supra, are inconsistent therewith, they are overruled.

■ It is also our opinion that seventeen cases of beer is a sufficiently large quantity to support a finding by a jury that the possession was for sale or some other illegitimate purpose.

■ Appellant contends his consent to the search of his automobile was coerced. The officers testified that appellant was told on at least three occasions prior to his consent that he did not have to consent to the search of his car but that he nevertheless did so consent and signed a written consent to the search which was introduced in evidence. Appellant admitted that he was told by the officers that he did not have to sign the consent papers. In view of this we cannot say that the search was unlawful. The cases relied upon by the appellant do not hold otherwise.

We do not feel that the closing argument of the Commonwealth's Attorney was prejudicial to the rights of the appellant.

The judgment is affirmed.

All concur.