**Estil JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 20, 1977.

David W. Lamar, Owensboro, for appellant.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, Dan Cornette, Commonwealth's Atty., 45th Judicial Dist., for appellee.

Before HOWERTON, COOPER and REYNOLDS, JJ.

HOWERTON, Judge.

The Appellant was convicted in the Muhlenberg Quarterly Court and from the verdict there, appealed to the Muhlenberg Circuit Court where he was likewise found guilty by jury and received a punishment of a $50 fine and thirty days in jail for the possession of alcoholic beverages for the purpose of resale in a "dry" territory.

Appellant alleges that there was not sufficient evidence for the jury to find that he possessed alcoholic beverages for the purpose of resale. We do not agree. There were several damaging pieces of evidence and we believe that the proof of possession of some forty-four bottles of liquor and thirty-five cases of beer particularly with the additional testimony as to Appellant's reputation in the community presented more than sufficient evidence to support a finding that possession was for sale or some other illegal purpose. See *Johnson v. Commonwealth,* Ky., 509 S.W.2d 274 (1974) and *Smith v. Commonwealth,* Ky., 467 S.W.2d 606 (1971).

After conviction, Appellant was released upon a bail bond to which the judge attached the condition that a cash bond in the amount of $500 would be forfeited if the Defendant engaged in the sale of alcoholic beverages, or had in his possession alcoholic beverages for the purpose of resale, or if he should allow or permit the selling of alcoholic beverages by any person on his property. After his release, Appellant was arrested again for illegal possession of alcohol, at which time the court revoked his bail and forfeited the $500 cash bond.

Clearly, RCr 12.78 allows the circuit judge wide discretion in granting bail and in revoking bail after a defendant has been convicted. Such discretion is well placed and the Court of Appeals in this state has been reluctant to interfere with the decision of the trial judge. We are well aware of the difficulty faced by the trial judge in the instant case, for he was faced with a defendant who, indeed, appeared to have a "propensity" for the commission of local option violations. However, in dealing with this problem we must conclude that the trial judge erred by appending a cash bond forfeiture clause such as the one here to the bail bond order pending appeal.

While it is clear that the statutes in this state anticipate numerous differences between bail prior to trial and bail pending appeal, we do believe that there is at least one similarity, that being that the bail bond's purpose is to enhance the prospect that the defendant/appellant will be amenable to the orders and processes of the court.

The forfeiture clause was not related to bail, but was a penalty clause in the nature of a peace bond, and it was in addition to the penalty fixed for the conviction Johnson

is appealing. The forfeiture was not for Appellant's failure to appear in court or to surrender for the jail sentence; it was a fine for being arrested for an alcohol offense. The penalty was imposed before the Appellant was even tried for the new offense. We determine that it was proper for the trial judge to revoke the bail on appeal, but a cash forfeiture clause conditioned on misconduct other than failure to appear or surrender as directed by the court may not be made part of the bail order.

The case is remanded with instructions that the $500 cash, which was posted by Appellant, be refunded to him. Appellant's conviction is affirmed.

All concur.