**UNITED STATES of America,
Plantiff-Appellee,**

v.

**Elbert GRAYSON, Defendant-Appellant.**

No. 79–5550
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Robert Rosenblatt, Miami, Fla. (Court-Appointed), for defendant-appellant.

Stephen B. Gillman, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge.

The only issue presented for review in this case is whether evidence consisting solely of the quantity of the controlled substance seized is sufficient to uphold an inference of intent to distribute. We hold that it is sufficient, and affirm.

Upon arrival at Miami International Airport from Santa Cruz, Bolivia, on May 3, 1979, Elbert Grayson was found to have concealed on his person four packages containing 413.1 grams of dilute cocaine hydrochloride. This amount is the equivalent of 304.77 grams of cocaine.

Grayson was convicted on both counts of a two-count indictment charging importation of cocaine in violation of 21 U.S.C. § 952(a) and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to concurrent terms of two years imprisonment on each count.

Intent to distribute a controlled substance under 21 U.S.C. § 841 may be inferred solely from possession of a large amount of the substance. *United States v. Vomero*, 567 F.2d 1315 (5th Cir. 1978); *United States v. Johnson*, 469 F.2d 973 (5th Cir. 1972); *United States v. Mather*, 465 F.2d 1035 (5th Cir.), *cert. denied*, 409 U.S. 1085, 93 S.Ct. 685, 34 L.Ed.2d 672 (1972). In *United States v. Mather* we found the defendant's possession of 197.75 grams of cocaine, without more, to be sufficient to support the inference that distribution was intended. Cf. *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *United States v. Olvera*, 523 F.2d

1252 (5th Cir. 1975). (In these cases, the amount of cocaine, less than one gram and two grams, was too small to infer intent to distribute.)

Because we find the cocaine found in Grayson's possession to be of sufficient quantity to support an inference of intent to distribute, we affirm the judgment of the district court.

AFFIRMED.