Algar FERGUSON, Petitioner-Appellant,

v.

Judge James A. KNIGHT, et al., Respondents-Appellees.

No. 85–5726.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 7, 1986.

Decided June 11, 1986.

Rehearing Granted July 29, 1986.

---

**582**

Eldred E. Adams, Jr. argued, Louisa, Ky., for petitioner-appellant.

Joseph R. Johnson argued, Office of the Atty. Gen., Frankfort, Ky., for respondents-appellees.

Before: MERRITT, JONES and NELSON, Circuit Judges.

PER CURIAM.

This is a habeas corpus proceeding in which the petitioner, Algar Ferguson, contends that a state court convicted him of a felony on insufficient evidence. We find that the evidence passes constitutional muster, and we affirm the district court's denial of the writ.

## I

The calendar of the Lawrence County Kentucky District Court for September 3, 1980, shows that Algar Ferguson entered guilty pleas on that date to three charges: resisting arrest, trafficking in marijuana, and possession of marijuana. A fourth charge—public intoxication—was dismissed on motion of the Commonwealth.

About four months later, on January 14, 1981, Mr. Ferguson was taking his ease in a friend's automobile, parked in the parking lot of an establishment identified as the Collier Creek Community Market. The owner of the car was in the front seat with a female companion. Ferguson was in the back seat with another young woman. Ferguson was engaged in throwing beer cans out of the car when two Kentucky State Troopers pulled up.

The troopers asked Ferguson to get out of the car, which he did, and to take his hands out of his pockets, which he refused to do. One of the troopers then put his hand on the outside of Ferguson's jacket and felt metal inside. Yelling for assistance from the other trooper, he put Ferguson up against the car and extracted from his pocket a .22 caliber pistol. Ferguson was then placed under arrest.

One of the troopers subsequently started picking up the beer cans, and in so doing he saw lying on the back seat, where Ferguson had been sitting, a roll of paper towels. Sticking out of the end of the paper towel roll was a plastic bag containing marijuana.

Further inspection disclosed a total of four small plastic bags, equal in size, of a type commonly called "dime bags" and commonly used for carrying an individual portion of marijuana. Three of the bags were empty, and one contained 19 grams (approximately two-thirds of an ounce) of marijuana. There was also a fifth bag,

larger in size than the others, that contained 37 grams of marijuana. The fifth bag was approximately twice as big as the others.

Ferguson was indicted and tried before a Kentucky jury on a charge of "Trafficking in a Controlled Substance ..., Second Offense." (The minimum sentence of incarceration for a second trafficking offense, under Kentucky law, is one year in the penitentiary. The maximum sentence of incarceration for a first trafficking offense is one year in the county jail.)

The Commonwealth's Attorney argued to the jury that the marijuana in Ferguson's possession was considerably more than he would have had for personal use (an argument supported by the testimony of one of the troopers); that if the marijuana were for Ferguson's personal use he would have had no need for the empty bags; and that marijuana from the big bag was to be transferred to the small bags and subsequently sold. In arguing that Ferguson intended to sell the marijuana—an essential element of the crime with which he was charged—the Commonwealth's Attorney stressed the fact that Ferguson had pleaded guilty to trafficking in marijuana only four months prior to his arrest.

The jury (which under Kentucky law has responsibility for fixing punishment) returned a verdict of guilty of trafficking in marijuana for a second time. The jury believed that the evidence established, beyond a reasonable doubt, each of the four elements necessary, under the court's charge, to support a conviction:

—That Ferguson had a quantity of marijuana in his possession;

—That he knew it was marijuana;

—That he had it with the intention of selling it; and

—That he had been convicted of trafficking in marijuana by a final judgment of the Lawrence District Court entered on or about September 3, 1980.

The jury fixed Ferguson's punishment at one year in the penitentiary, the minimum sentence of incarceration provided for in the statute.

Ferguson appealed his conviction to the Kentucky Court of Appeals, which affirmed. The Kentucky Supreme Court denied discretionary review. Ferguson then applied to the U.S. District Court for a writ of habeas corpus under 28 U.S.C. § 2254. A federal magistrate filed a ten page report recommending denial of the petition, and the district court, having reviewed the record, adopted the magistrate's report and entered judgment denying Ferguson's application for habeas corpus relief. That judgment is now here on appeal.

**II**

It is axiomatic that this court is not to ask itself whether it believes the evidence at trial established guilt beyond a reasonable doubt. "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). (Emphasis by the court.)

We think it would have been rational for the jury to find against Ferguson on the third element of the crime (intent to sell) if it could consider proof of the fourth element (a prior trafficking conviction) as evidence of intent.

Without proof of the prior trafficking conviction, the conclusion that Ferguson intended to sell any of the relatively small quantity of marijuana found with him on the back seat of the car would have been strained. There is no reason to believe that any of the three people in the car with Ferguson was a prospective customer. No one was smoking marijuana, as customers might have been doing, and the arresting officers detected no smell of marijuana smoke. Neither of the women was intoxicated, neither appeared to have any marijuana in her possession, and neither was arrested. The owner of the car was drunk, as was Ferguson, and there was no sub-

stantial basis for concluding that the owner was intoxicated on marijuana rather than beer. Unless the circumstance that marijuana was not being used at the time of his arrest can be thought to support an inference that Ferguson was preserving his inventory for later sale, the only real evidence that Ferguson intended to sell the marijuana at some future time lay in the facts that the quantity of marijuana with which he was found arguably exceeded what he would have needed for personal use; that Ferguson had packaging materials with him; that he was carrying a weapon, which might also have been thought to be a tool of the trafficker's trade; and that he had admittedly trafficked in marijuana in the past.

Most courts—including Kentucky's (see, *e.g., Marshall v. Commonwealth,* 482 S.W.2d 765 (Ky.1972))—refuse to admit evidence of similar past misconduct when offered for the sole purpose of proving that the defendant had a bad character and acted in conformity therewith. *Cf.* Rule 404(b) of the Federal Rules of Evidence. Such evidence, as Wigmore said, is considered objectionable "not because it has no appreciable probative value, but because it has too much." IA Wigmore, Evidence, § 58.2 (Tillers rev. 1983). The risk of prejudice associated with evidence of prior crimes is generally considered to outweigh the relevance that such evidence undoubtedly has. *United States v. Wiley,* 534 F.2d 659, 663 (6th Cir.), *cert. denied,* 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 819 (1976).

In the case at bar, however, proof of a prior conviction was essential if Ferguson were to be found guilty of the "Second Offense" with which he was charged. Knowing this, Ferguson's counsel did not object to the introduction of evidence of the earlier conviction. When the original court calendar showing Ferguson's three guilty pleas of September 3, 1980, was offered in evidence, the court specifically asked "Any Objections?" Ferguson's counsel replied "No Your Honor." At no stage of the proceedings in either the Kentucky Court or in the federal system has Ferguson ever contended that evidence of his prior conviction was inadmissible.

Neither has Ferguson contended that the jury should not have been allowed to use the prior conviction to support an inference that Ferguson was guilty of trafficking again. No limiting jury instruction was given, and none was requested. Ferguson raised no objection to the argument the Commonwealth's Attorney made to the jury on the significance of the prior conviction, and the court was never asked to instruct the jury to disregard that argument. The competence of Ferguson's counsel is not in question here.

Bearing in mind that ours is a federal system, in which the national government has only a limited role to play insofar as state court proceedings are concerned, we do not believe that the use made at Ferguson's trial of the evidence of his prior conviction can be deemed impermissible under the Constitution of the United States. Counsel has cited no case suggesting that the Due Process Clause renders such a prior conviction inadmissible, and we are unaware of support for this position.

■ Ferguson's trial was not necessarily conducted as we might have chosen to conduct it, and the verdict rendered was not necessarily the verdict we should have rendered had we been in the jury box, but neither the trial nor the verdict violated the "rationality" test of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, *supra.* It was not irrational to admit evidence of the prior conviction without a limiting instruction, and it was not fundamentally unfair to withhold a limiting instruction when none was requested.

The judgment of the district court is therefore AFFIRMED.

NATHANIEL R. JONES, Circuit Judge, dissenting.

No person may be convicted and imprisoned unless a sufficient amount of evidence is produced to prove that the accused is, beyond a reasonable doubt, guilty of the offense charged. *E.g., Jackson v. Virgin-*

*ia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). To convict a person without competent evidence to prove each element of the crime beyond a reasonable doubt is to deprive the person of liberty without due process of law. *Id.* at 315–16, 99 S.Ct. at 2786–87; *In re Winship,* 397 U.S. 358, 368, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). I believe that in this case the defendant was convicted without sufficient evidence.

In our consideration of a petition for habeas relief, our purpose is not to review every potential error committed by a state court. We review only to determine whether a federal constitutional right of the petitioner has been violated: "[I]t is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." *Jackson,* 443 U.S. at 321, 99 S.Ct. at 2790. Accordingly, the task of this court is to determine whether, viewing the evidence in the light most favorable to the government, *id.* at 319, 99 S.Ct. at 2789, there was sufficient evidence to prove beyond a reasonable doubt that Algar Ferguson intended to sell the marijuana found in the automobile in which he was a passenger.

The government lists in its brief the following evidence against Ferguson to show possession of marijuana with the intent to sell: (1) his eyes were dilated at the time of his arrest; (2) he had been seated in a car behind the driver, and two "baggies" containing marijuana were found on the back seat near where he had been sitting; and (3) the total amount of marijuana was 56 grams, which was allegedly so large a quantity that one could infer that it was meant for sale rather than for personal use. *See* Appellee's Brief at 1–7.

I first examine the evidence in regard to the condition of Ferguson's eyes. The arresting officer testified that Ferguson's eyes were dilated and that dilated eyes are a sign of marijuana use. On cross-examination, the officers conceded that numerous empty beer cans were found in the car, that Ferguson appeared to be intoxicated, that Ferguson smelled of alcohol, and that alcohol can also cause dilated eyes. Viewing this evidence in the light *most* favorable to the government, a reasonable factfinder could conclude from this evidence, at most, that Ferguson had smoked marijuana prior to his arrest. The fact that Ferguson had smoked marijuana would prove only that Ferguson has possessed and used the substance, not that he intended to sell it.

Next, one of the officers testified that Ferguson had been seated in the automobile near the place where the marijuana was found. There were four people in the car, which was not owned or driven by Ferguson. There were no fingerprints on the paper tube or on any of the baggies to show handling by Ferguson. Nevertheless, giving this evidence its strongest probative value and considering it together with the evidence of marijuana use, I conclude that the evidence could support an inference that Ferguson exercised dominion and control over the marijuana, that is, that he "possessed" it under the law. I believe that it is a close question, however, whether there is enough evidence to prove beyond a reasonable doubt that Ferguson was the one of the four occupants who owned the marijuana. The two women in the automobile were allowed to leave the scene almost immediately after only minimal questioning. The officers were acquainted with Ferguson and appear to have assumed—just as immediately—that the marijuana was his.

Third, the amount of marijuana must be considered. When little or no evidence of any sales transaction is available, the courts have allowed the trier of fact to infer an intent to sell merely from the quantity possessed; this intent may be inferred when the quantity is so excessive that it could not reasonably have been possessed for private use. *See, e.g., United States v. Grayson,* 625 F.2d 66 (5th Cir. 1980) (holding that intent to sell may be inferred from possession of 304.77 grams of cocaine); *United States v. Edwards,* 602

F.2d 458, 470 (1st Cir.1979) (inferred from possession of two packages of cocaine containing 165.49 grams and 7.53 grams, with evidence that original package weighed 284 grams before repackaging); *United States v. Brischetto,* 538 F.2d 208, 209–10 (8th Cir.1976) (inferred from possession of 75 pounds of marijuana); *cf. Smith v. Commonwealth,* 467 S.W.2d 606, 606 (Ky.1971) (inferred from possession of 60 to 70 cases of beer in dry county).

In this case the total amount of marijuana found was 56 grams, which is less than two ounces. This amount is not so unusually large that it could not reasonably have been intended for personal consumption and/or sharing with companions. The circumstances of this possession involve four persons in an automobile who appear to have been socializing. The group had just pulled into a dark, empty lot. It is as likely as not that the group intended to use the marijuana. I do not believe the quantity of marijuana was so clearly excessive that it demonstrates inferentially an intent to sell.

The empty baggies are an ambiguous piece of evidence. Viewed favorably, they could be considered probative of a plan to distribute the marijuana, but I find them to be minimally probative. The government presented no evidence as to whether the empty bags contained any residue of marijuana; the lack of any residue might have supported more firmly a conclusion that the empty bags were waiting to be filled for customers. In the absence of more evidence, however, a reasonable doubt arises as to the purpose of the bags and whether they were simply empty due to prior use.

The only evidence linking Ferguson to the sale of drugs was a recent conviction for selling marijuana. It is impermissible, however, to infer that, because a person had possessed marijuana in the past with the intent to sell it, he probably possessed this particular quantity of marijuana with the intent to sell it. Such an inference is forbidden under both Kentucky and federal law. *See Hendrickson v. Commonwealth,*

486 S.W.2d 55, 57 (Ky.1972); *Marshall v. Commonwealth,* 482 S.W.2d 765, 766 (Ky. 1972); Fed.R.Evid. 404; *see also* R. Lawson, *The Kentucky Evidence Law Handbook* § 2.20 (1984). In its brief to this court, the Commonwealth does not rely on the prior conviction as evidence of the crime charged. At trial, in its opening statement, the Commonwealth indicated that evidence of a prior conviction would be presented so that the jury would enhance the punishment under the Commonwealth's persistent offender statute. There was no objection to the admission of the prior conviction because the evidence was admissible for a limited purpose. There clearly should have been a limiting instruction; this was surely a routine admission of a prior conviction for enhancement purposes, and it is undeniable that the evidence was extremely prejudicial.

We, as a court of law, are not bound to consider improperly admitted evidence when we are determining the sufficiency of the total evidence to convict. *Cf., e.g., Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) (in considering whether error is harmless, court considers all evidence except improper evidence and then determines whether remaining evidence is strong enough to support a conviction); *Brinegar v. United States,* 338 U.S. 160, 174, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949) ("Guilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard."). On consideration of all the competent evidence, I find that the sum was insufficient to prove the crime of possession with intent to sell.

In addition to the absence of a proper limiting instruction, Ferguson's trial was tainted by improper arguments made during the closing arguments. The government's argument included the following remarks:

Plus I want you to bare [sic] in mind that the defendant Alger [sic] Ferguson is not exactly a stranger to drugs. He was convicted before in the Lawrence District Court not of possession of marijuana, but of trafficking marijuana. So this is the second time around for him. I want you to also remember that that trafficking charge that he pled guilty to it, he didn't take his chances with a jury he didn't come in and say not guilty, he pled guilty. He admitted it, he admitted that he had it for trafficking purposes, that took place only about four months before the date of the incident he's charged with here today.

. . . .

You can let him go find him not guilty and say ah we don't care, its [sic] just marijuana, what difference does it make, even though he's a known trafficker just let him go, or you can say no, not going to tolerate the drug business we're not going to let him get away with this, going to find him guilty.

This argument was improper. The jury was repeatedly invited to convict Ferguson on the basis of his prior conviction. His character for being a "trafficker" was emphasized; the resulting inference was that he was acting in conformity with that trait when arrested. There is little doubt in my mind that the jury convicted Ferguson of possession with intent to sell primarily because he had a recent conviction for the same crime, which colored all the other evidence.

The majority opinion seems to agree that, without the evidence of the prior conviction, it is doubtful whether there was enough evidence to convict Ferguson, but appears to conclude that the admission of the evidence and the jury's unlimited use of it did not violate due process because Ferguson's counsel failed to request a limiting instruction. I would clarify the proper analysis. The question here is not the narrow question of whether it was constitutionally impermissible for the court to admit this evidence without a limiting instruction; the question is whether it was constitutional to permit a conviction on such evidence, when this evidence was clearly allowed to be considered improperly by the jury and when it is extremely likely that the verdict was based on that critical, improper consideration. In addition, the "rationality" test of *Jackson* is not, as the majority indicates, the test for reviewing an admission of evidence by the trial judge; rather it is the standard for evaluating the conclusion of the jury upon all the evidence.

The evidence before us could be enough to find Algar Ferguson guilty beyond a reasonable doubt of possession of marijuana. At best, however, taking the view most favorable to the Commonwealth, the evidence would allow a reasonable juror to find only that it was more likely than not that Ferguson possessed the 56 grams at issue with the intent to sell them. A mere preponderance is not enough to satisfy the constitutional requirement of due process. Accordingly, I dissent.